IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELITE FORCE BUILDING SOLUTIONS, LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. CIV-22-998-SLP |
| QUADRANT CONSTRUCTORS, LLC, ) ) ) | |
| Defendant. ) | |

**O R D E R**

By prior Order [Doc. No. 28], the Court directed Plaintiff to obtain new counsel and gave Plaintiff until July 5, 2023 to have counsel enter an appearance.[1] The Court advised Plaintiff that a failure to retain counsel by the established deadline may result in the dismissal without prejudice of its claims in this action as Plaintiff is a limited liability company and cannot proceed in this action without counsel. *See id.* (citing LCvR 17.1; *Nato Indian Nation v. State of Utah*, 76 F. App'x 854, 856 (10th Cir. 2003)); *see also Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001) ("[A] corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se.").

Plaintiff failed to timely comply. Consequently, the Court issued an Order to Show Cause [Doc. No. 36]. The Court directed Plaintiff to show cause why the Court should

---

[1] Plaintiff has been represented by two different law firms in this action and both have withdrawn their representation with leave of court. *See* Orders [Doc. Nos. 18 and 28].

not dismiss with prejudice Plaintiff's claims against Defendant. The Court further directed Plaintiff to show cause why default and default judgment should not be entered against Plaintiff as to Defendant's counterclaim. As the Court noted in the show cause Order, Defendant has filed a motion for sanctions requesting entry of default and default judgment on its counterclaims. *See* Def.'s Mot. [Doc. No. 31].

To date, no counsel has entered an appearance on behalf of Plaintiff, Plaintiff has failed to timely respond to the Court's show cause Order, and Plaintiff has failed to timely respond to Defendant's Motion for Sanctions. As discussed below, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's claims against Defendant are dismissed with prejudice.

Rule 41(b) "permit[s] courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). In determining whether dismissal is proper, the court applies the following factors: "(1) the degree of actual prejudice to the defendant"; (2) "the amount of interference with the judicial process"; (3) the litigant's culpability; (4) "whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) "the efficacy of lesser sanctions." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotation marks omitted); *see also Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) ("Rule 41(b) involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

**Prejudice to the Defendant**

Here, Defendant has been prejudiced by Plaintiff's actions.  As set forth, Plaintiff has been represented by two different law firms and counsel from each firm have moved to withdraw.  Plaintiff's first set of attorneys, John M. Bunting and Mark E. Hornbeek of Phillips Murrah, P.C. (the Murrah law firm) moved to withdraw because Plaintiff had "discharged" the Murrah law firm and the firm did not believe it could "ethically provide any further representation to Plaintiff."  *See* Mot. to Withdraw [Doc. No. 17] at 1, ¶ 2.  Plaintiff's second set of attorneys, Jason A. Dunn, Juston R. Givens and Anakaren A. Kennedye of Perri Dunn, PLLC (the Perri Dunn law firm) moved to withdraw because "Plaintiff has ceased doing business and is no longer a viable or going concern" and "Plaintiff has directed the [Perri Dunn law firm] to withdraw and incur no further fees." *See* Mot. to Withdraw [Doc. No. 27] at 1, ¶ 2].

Meanwhile, Defendant has been hindered in its ability to defend against Plaintiff's claims or litigate its counterclaim against Plaintiff.  Notably, Plaintiff has repeatedly failed in its discovery obligations to Defendant, as detailed in Defendant's Motion for Sanctions.  Thus, Plaintiff has trapped Defendant in a discovery limbo.  In addition, Defendant has been unable to comply with its own deadlines in this matter based on Plaintiff's conduct necessitating Defendant to seek an extension of certain scheduling order deadlines.  *See* Def.'s Mot. [Doc. No. 34].  Those deadlines include the submission of a joint proposed final pretrial report which Defendant cannot complete without Plaintiff having counsel in

this matter. The Court, therefore, finds Plaintiff's failure to timely obtain counsel to represent it in this action is prejudicial to Defendant.

### The Amount of Interference with the Judicial Process

The Court finds the interference has been sufficiently significant to warrant dismissal. As set forth above, Plaintiff's failure to comply with its discovery obligations and to timely comply with the Court's directive to obtain new counsel has hindered the advancement of this case and forced the Court to consider extensions of deadlines. The interference has diverted and unnecessarily expended judicial resources. Plaintiff's failure to respond to the Court's show cause Order and the consequent necessity of drafting this Order is a further example of the interference caused by Plaintiff's conduct. *See Haws v. Medical Priority Consultants, Inc.*, No. 1:20-cv-00109-HCN-JCB, 2021 WL 2939947 at *4 (D. Utah Apr. 13, 2021).

### The Culpability of Plaintiff

The record demonstrates Plaintiff's culpability. Plaintiff has failed to comply with its own former counsel's requests related to discovery and has failed to respond to this Court's orders directing the timely entry of appearance by new counsel and a response to the Court's show cause Order. There is no indication that Plaintiff's non-compliance was inadvertent or otherwise due to an inability to comply. *See, e.g., Armstrong v. Swanson*, No. 08-CV-00194, 2009 WL 1938793, at *4 (D. Colo. July 2, 2009) (finding plaintiff culpable when nothing in the record indicated external forces were to blame for plaintiff's

failure to prosecute). Defendant has been diligent in its efforts to advance the case, but Plaintiff has been dilatory without explanation.

### Warnings from the Court

The Court has admonished Plaintiff that its failure to comply with the Court's Order could result in the dismissal of this action.  *See* Order [Doc. No. 28] Plaintiff clearly understands the significance of the Court's admonishment as Plaintiff previously timely obtained new counsel when subject to the same admonishment.  *See* Order [Doc. No. 18] and Entries of Appearance [Doc. Nos. 20, 21 and 22].  And the Court again admonished Plaintiff that failure to respond to the show cause Order could result in a dismissal with prejudice of Plaintiff's claims and the entry of default and default judgment against Plaintiff as to Defendant's counterclaim.

### Efficacy of Lesser Sanctions

Plaintiff, as a limited liability company, cannot appear pro se in this action.  As such, no lesser sanctions are effective.  Moreover, dismissal of Plaintiff's claims with prejudice is appropriate as Plaintiff has disregarded the Court's orders, wasted juridical resources and caused Defendant to needlessly invest time and resources defending this lawsuit.

In sum, the Court finds consideration of the *Ehrenhaus* factors warrants a dismissal with prejudice of Plaintiff's claims against Defendant in this action.  By separate order, the Court addresses Defendant's pending Motion for Sanctions.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 25th day of July, 2022.

                                                                                        *[signature]*
                                                                                        **SCOTT L. PALK**
                                                                                        **UNITED STATES DISTRICT JUDGE**